UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Case No. 08-1966 (RJL)<br>) |
| BENCHMARK CONSTRUCTION SERVICES, INC. *et al.*, | )<br>)<br>) |
| Defendants. | ) |

MEMORANDUM ORDER
(June 22, 2010) [#17]

Plaintiffs, International Painters and Allied Trades Industry Pension Fund (the "Fund") and Gary J. Meyers, in his official capacity as a fiduciary ("Meyers" and, together with the Fund, the "plaintiffs") filed this action against Benchmark Construction Services, Inc. (the "Company"), Jefferson Medley ("J. Medley"), and Shirley Medley ("S. Medley" and, together with the Company and J. Medley, the "defendants"), alleging that the defendants failed to make contributions to the Fund required under a binding collective bargaining agreement. On February 24, 2009, the Court issued a Scheduling Order that included deadlines for filing dispositive motions, oppositions, and replies. Scheduling Order, Feb. 24, 2009 (Dkt. 11). On July 29, 2009, the Court granted a joint motion to amend the Scheduling Order, extending the deadlines for the dispositive motions, oppositions, and replies. Minute Order, July 29, 2009. On September 9, 2009,

the Court granted a second joint motion to amend the scheduling order to extend these deadlines, stating: "It is hereby ORDERED that the date for filing dispositive motions shall be October 13, 2009, the oppositions shall be filed on or before October 27, 2009, and replies shall be due November 10, 2009." Minute Order, Sept. 9, 2009.

Per that Minute Order, plaintiffs filed a Motion for Summary Judgment on October 13, 2009. Pls.' Mot. Summ. J., Oct. 13, 2009 (Dkt. 17). J. Medley and S. Medley (together, the "individual defendants") also filed a Motion for Summary Judgment on the same day. Defs.' Mot. Summ. J., Oct. 13, 2009 (Dkt. 16). The motion filed by the individual defendants was fully briefed, with an opposition filed by the plaintiffs on October 27, 2009 (Dkt. 19), and a reply filed by the individual defendants on November 9, 2009 (Dkt. 20). In contrast, none of the defendants filed an opposition to the plaintiffs' Motion for Summary Judgment. The closest approximation of an opposition was the reply filed by the individual defendants in support of their own motion, for which the docket entry reads, "REPLY to opposition to motion re [16] MOTION for Summary Judgment, [17] MOTION for Summary Judgment filed by JEFFERSON MEDLEY, SHIRLEY MEDLEY." (Dkt. 20.) The face of that document, however, only reflects that it is "Defendants Jefferson And Shirley Medley's Reply In Support Of Their Motion For Summary Judgment," with no mention of it serving the dual purpose of also opposing plaintiffs' motion. Defs.' Reply 1 (Dkt. 20).

Local Rule of Civil Procedure 7(b) provides that an opposing party has 14 days to

file a memorandum in opposition to the motion, and if such party fails to do so, the Court may treat the motion as conceded. LCvR 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule 7(b) is highly discretionary. Our Circuit Court has itself noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997). Furthermore, even if this Court were to generously construe the individual defendants' reply in support of their own motion as an opposition to the plaintiffs' motion, such an opposition would not have been filed in a timely manner, and the individual defendants have never requested leave to file out of time. *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) (finding no abuse of discretion in district court's decision to treat motion for summary judgment as conceded when opposing parties did not seek extension of time to file their opposition).

In light of the fact that all defendants failed to file an opposition to the plaintiffs' motion, despite being fully aware of the briefing schedule ordered by this Court, as evidenced by the briefing on the Motion for Summary Judgment filed on behalf of the

individual defendants, the Court will treat the plaintiffs' motion as conceded. LCvR 7(b). Therefore, in light of the concession and the Court's review of the motions, the relevant law cited therein, and the record, it is hereby

**ORDERED** that the plaintiffs' Motion for Summary Judgment [#17] is **GRANTED**; and it is further

**ORDERED** that judgment is entered in favor of plaintiffs and against the Company in the amount of $147,970.30; and it is further

**ORDERED** that individual defendants, along with the Company, shall be jointly and severally liable for contributions to the Fund in the amount of $80,302.04, plus interest in the amount of $3,190.89; and it is further

**ORDERED** that individual defendants, along with the Company, are also jointly and severally liable for attorneys' fees and costs in the amount of $38,841.70; and it is further

**ORDERED** that individual defendants shall also be jointly and severally liable for any losses to the Fund resulting from individual defendants' breach of fiduciary duty, which plaintiffs may establish through supplementary evidence.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge